UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JANE MORALES, ERIC MORALES, and
MM, a minor, by her parents and Natural
Guardians, JANE MORALES and ERIC
MORALES,

                    Plaintiffs,

         -against-

VALLEY STREAM UNION FREE SCHOOL
DISTRICT 24, VALLEY STREAM UNION
FREE SCHOOL DISTRICT 24 BOARD OF
EDUCATION, VALLEY STREAM CENTRAL
HIGH SCHOOL DISTRICT and VALLEY
STREAM CENTRAL HIGH SCHOOL DISTRICT
BOARD OF EDUCATION,

                    Defendants.
-------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
CV 18-3897 (SJF)(AYS)

**SHIELDS, Magistrate Judge:**

Plaintiffs Jane Morales ("Ms. Morales"), Eric Morales ("Mr. Morales"), and M.M., a minor, by her parents Jane Morales and Eric Morales (collectively "Plaintiffs") bring this action against defendants the Valley Stream Union Free School District 24 ("the District"), the Valley Stream Union Free School District 24 Board of Education ("the Board"), the Valley Stream Central High School District ("the High School District"), and the Valley Stream Central High School District Board of Education ("the High School Board") (collectively "Defendants") pursuant to 42 U.S.C. § 1983 alleging that the Defendants violated their First Amendment right to free speech. Plaintiffs alleged that the Defendants targeted Plaintiffs for harassment in retaliation for complaints made by Ms. Morales.

Presently before this Court, upon referral by the Honorable Sandra J. Feuerstein for Report and Recommendation, see Docket Entry ("DE") dated 1/15/2019, is Defendants' motion

1

pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Plaintiff's Complaint. See DE [11]. For the reasons set forth below, this Court respectfully recommends that the motion be granted.

## BACKGROUND

### I. Documents Considered

As is required in the context of this motion to dismiss, the factual allegations in the Complaint, though disputed by Defendants, are accepted to be true for purposes of this motion, and all reasonable inferences are drawn therefrom in favor of the Plaintiffs.

While facts to consider in the context of a Rule 12 motion to dismiss are generally limited to those set forth in the pleadings, a court may consider matters outside of the pleadings under certain circumstances. Specifically, in the context of a Rule 12(b)(6) motion, a court may consider: (1) documents attached to the Complaint as exhibits or incorporated by reference therein; (2) matters of which judicial notice may be taken; or (3) documents upon the terms and effects of which the Complaint "relies heavily" and which are, thus, rendered "integral" to the Complaint." Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002); see Int'l Audiotext Network, Inc. v. Am. Tel. and Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995). Moreover. "[a] court may take judicial notice of a documents filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." Glob. Network Commc'ns, Inc. v. City of New York, 458 F.3d 150, 157 (2d Cir. 2006) (quoting Int'l Star Class Yacht Racing Ass'n Tommy Hilfiger U.S.A., Inc., 146 F.3d 66, 70 (2d Cir. 1998)).

The Court turns now to discuss the facts set forth in the Plaintiffs' Complaint, construed in their favor.

### II. Facts

A.     Ms. Morales' Complaints Regarding Mail Received at Her Address

Since July of 2012, Plaintiffs have owned and resided at their home on 17 Sycamore Road in Valley Stream, New York 11581. Complaint ("Compl.") ¶¶ 10, 12, DE [1]. Since August 2013, MM has attended the Robert W. Carbonaro School within the District. Id. ¶ 11. In or around August 2013, Plaintiffs received a District registration packet addressed to the C Family. Id. ¶ 14. Ms. Morales promptly returned to the package addressed to the C Family to the District Residency Officer, Nick Luciano ("Luciano"). Id. ¶ 16. Luciano informed the Plaintiff that he would look into the matter. Id. ¶ 17. The District continued sending mail addressed to the C Family to Plaintiffs' home. Id. ¶ 18. Because of this, in September of 2013, Ms. Morales spoke to Rosario M. Iacono ("Iacono"), the principal of the Robert W. Carbonaro elementary school, to inform him that Plaintiffs were receiving mail addressed to the C Family. Id.  Iacono assured Ms. Morales that it was an oversight and that C's address would be updated. Id.

Through of August of 2014, Plaintiffs continued to receive mail addressed to the C Family. Compl. ¶¶ 21-24. Ms. Morales once again approached Iacono about the issue and he apologized and said it was just a mistake in the database. Id. ¶ 25. Ms. Morales then contacted the Superintendent, Edward M. Fale, Ph.D., who advised her that he was looking into it. Id.  In or around November of 2014, Ms. Morales attended a residency meeting for the District and spoke out specifically detailing her outreach to the District and its leadership regarding the issues with the C Family and the correspondence that was sent to her home. Id. ¶ 26.  Following the residency meeting an investigation was launched and in February of 2015 the C Family was ejected from the District's schools. Id. ¶ 27. In June 2015, Luciano, the District's Residency Director was replaced as well. Id.

B.     Ms. Morales is Barred from Volunteering

3

In March of 2014, Ms. Morales asked to volunteer for the school's Ronald McDonald House fundraiser. Compl. ¶ 29. Upon entering the school building, Ms. Morales was loudly "berated" by Shannon Quinn ("Ms. Quinn"), a teacher at the school. Id. Ms. Quinn then "spitefully barred" Ms. Morales from volunteering at the fundraiser. Id. A month later, Plaintiffs received a letter from Ms. Quinn addressed to the C Family, thanking the student's mother for her participation in the fundraiser. Id.

  C.  <u>Hostility Toward Plaintiffs</u>

Plaintiffs claim that due to "incessant hostility" perpetrated by the Defendants, Ms. Morales was forced to step down as class mother for MM's second grade class. Compl. ¶ 30. Plaintiffs also claim that Ms. Morales was routinely met with rejection and hostility from the PTA when she questioned the handling of certain sensitive matters concerning children with special dietary and allergy needs. Id. ¶ 31.

In October of 2016, Ms. Morales found M.M. unsupervised on the blacktop. Compl. ¶ 32. Plaintiffs claim that M.M. was left unsupervised on the blacktop as a result of negligent supervision. Id.

Plaintiffs also complain that the PTA misplaced M.M.'s class photo and T-shirt order and failed to positively respond to Ms. Morales' follow-up regarding an incomplete book order from Scholastic Books. Compl. ¶ 33. Plaintiffs claim that the District failed to send home math test scores that were repeatedly requested by Ms. Morales. Id. ¶ 34. They complain that the District also had M.M. sit for standardized tests despite written correspondence from the Morales' opting out of the exams. Id. ¶ 35. Plaintiffs contend that the names and the scores of the children who took that exam were poorly redacted and visible. Id. Plaintiffs complain that Defendants took away M.M.'s recess for failing to complete her reading logs, and that the Defendants lost M.M.'s

4

reading logs. Id. ¶ 36. Plaintiffs also claim that an unidentified teacher failed to deliver a letter M.M. wrote about a news story to the Superintendent and that the District sent the Plaintiffs a bill indicating M.M.s lunch account had a negative balance. Id. ¶¶ 37-39. Plaintiffs also assert that the Defendants have been "unreceptive" to their "multiple requests" for information regarding internet safety protocols. Id. ¶ 40.

Finally, Plaintiffs complain that in January of 2018, the school nurse spoke rudely to M.M. when she came in from recess complaining of ear pain. Compl. ¶ 42. M.M. claims that the nurse didn't take her temperature while the nurse disputes that claim. Id. ¶ 43.

D.      Causes of Action

The Complaint alleges that Defendants violated Plaintiffs' First Amendment rights to free speech. Plaintiffs claim that Defendants targeted them for harassment in retaliation for complaints Ms. Morales made about a family she believed was improperly using Plaintiffs' address to establish residency within the District. See generally Compl.

III.    The Motion to Dismiss

Defendants move to dismiss all claims.  Defendants first argue that many of the allegations are time-barred. Defendants next argue that Plaintiffs have failed to state a claim because they have not suffered from any chilling of their speech and the Complaint lacks sufficient allegations to allege support a First Amendment retaliation claim.

Plaintiffs do not oppose Defendants' motion. Plaintiffs concede that two of Defendants' six arguments and rather than oppose the remaining four, seek leave to amend the Complaint.

The Court now turns to the merits of the motions.

## DISCUSSION

I.      Legal Principles: Standards on Motions to Dismiss

5

A. <u>Rule 12(b)(6)</u>

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678-79 (2009) (quoting, <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)); <u>see also</u> <u>Arista Records, LLC v. Doe 3</u>, 604 F.3d 110, 119–20 (2d Cir. 2010). Facial plausibility is established by pleading factual content sufficient to allow a court to reasonably infer the defendant's liability. <u>Twombly</u>, 550 U.S. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id</u>. at 555. Nor is a pleading that offers nothing more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," sufficient. <u>Iqbal</u>, 556 U.S. at 678 (2009) (quoting <u>Twombly</u>, 550 U.S. at 555).

II. <u>Disposition of the Motion</u>

    A. <u>Plaintiffs Do Not Oppose Points I and III of the Defendants' Motion to Dismiss</u>

At the outset, Plaintiffs do not oppose Points I and III of Defendants' motion to dismiss. Pls. Br. at 7, DE [15].[1]

        1. <u>Point I - Plaintiffs Mr. Morales and M.M. Did Not Engage in Any Protected Speech</u>

Point I of Defendants' Brief argues that Mr. Morales and M.M. did not engage in any protected speech or suffer any injury as a result of Ms. Morales' speech. Therefore, Plaintiffs concede that Mr. Morales and M.M. did not engage in any protected speech and that the only speech at issue is that of Ms. Morales. Defs'. Br. at 12, DE [13]. Plaintiffs further concede that Mr. Morales and M.M. did not allege that they suffered any injury as a result of Ms. Morales'

---

[1]. For ease of reference, page numbers referenced herein are numbers assigned to pages on electronically filed documents, and not to the underlying documents themselves.

6

speech. Id. at 14. Therefore, Plaintiffs concede that Mr. Morales and M.M.'s claim should be dismissed. Accordingly, this Court recommends that all claims asserted by Mr. Morales and M.M. be dismissed in their entirety.

        2.        <u>Point III – Claims Against the Valley Stream Central High School District and Valley Stream Central High School Board of Education Should Be Dismissed</u>

Point III of Defendants' Brief argues that the Complaint does not contain any factual allegations of wrongdoing by the High School District or the High School Board of Education. Defs.' Br. at 17. Plaintiffs agree as does this Court. Therefore, it is respectfully recommended that all claims against the Valley Stream Central High School District and the Valley Stream Central High School Board be dismissed.

    B.    <u>Statute of Limitations</u>

Defendants contend that Ms. Morales' claims are barred by the statute of limitations. The Supreme Court has held that the statute of limitations for federal claims under 42 U.S.C. § 1983 "is that which the State provides for personal-injury torts." <u>Wallace v. Kato</u>, 549 U.S. 384, 387 (2007) (citations omitted). Accordingly, federal courts in New York apply a three-year statute of limitations for personal injury actions to § 1983 claims. <u>See</u> <u>Patterson v. County of Oneida</u>, 375 F.3d 206, 225 (2d Cir. 2004) (holding so for § 1983 claims). A § 1983 claim "accrues when the plaintiff knows or has reason to know of the harm." <u>Eagleston v. Guido</u>, 41 F.3d 865, 871 (2d Cir. 1994) (internal quotation marks omitted). Thus, in order for Ms. Morales' First Amendment retaliation clam to be timely, her initial complaint must have been filed within three years of the accrual of her claim.

This action was commenced on July 6, 2018. <u>See</u> Compl. The Complaint is devoid of facts evidencing when Ms. Morales stopped participating as a class mother or whether the

7

alleged hostility and rejection she faced from other PTA members occurred before or after the November 2014 residency meeting. Further, this Court must assume that any claim arising from Ms. Morales being barred from volunteering at the fundraiser accrued at the latest, in April of 2014, due to the incorrectly addressed thank-you note that Ms. Morales erroneously received that month. See Compl. ¶ 22.  Thus, any such claim is time-barred. As to Ms. Morales' claims that she was forced to step down as class mother, at the time this action was commenced, M.M. was a fifth grader. Id. ¶ 11.  Ms. Morales alleges that she was forced to step down as class mother for M.M.'s second grade class. Id. ¶ 30. This Court must assume M.M. was a second grader during the 2014-2015 school year. Thus, any claim that Ms. Morales asserts regarding her being forced to stepped down as class mother due to retaliation she faced for her complaints, accrued between September 2014 – June 2015. Therefore, more than three years have passed since the claims accrued and they are time barred.

Accordingly, because Plaintiff's claims are time barred, this Court recommends that the claims be dismissed in their entirety.

    C.    First Amendment Retaliation Claim

Because many of Plaintiffs' claims fail to include an actual date, out of an abundance of caution this Court will analyze whether Plaintiffs have adequately alleged a First Amendment retaliation claim.

"To plead a First Amendment retaliation claim a plaintiff must show: (1) he has a right protected by the First Amendment; (2) the defendant's actions were motivated or substantially caused by his exercise of that right; and (3) the defendant's actions caused him some injury." Dorsett v. County of Nassau, 732 F.3d 157, 160 (2d Cir. 2013) (per curiam) (citing Curley v. Village of Suffern, 268 F.3d 65, 73 (2d Cir. 2001)).

8

In the Second Circuit, the harm or injury required to allege a First Amendment retaliation claim varies depending on the factual context. See Zherka v. Amicone, 634 F.3d 642, 643 (2d Cir. 2011). "'Private citizens alleging retaliation for their criticism of public officials'" are generally required to show that 'they engaged in protected speech, persons acting under color of state law took adverse action against them in retaliation for that speech, and the retaliation resulted in actual chilling of their exercise of their constitutional right to free speech.'" Vaher v. Town of Orangetown, 916 F. Supp. 2d 404, 430 (S.D.N.Y. 2013) (quoting Zherka, 634 F.3d at 643). In other private citizen cases, however, the Second Circuit has dispensed with the "chilling" requirement, where the retaliation is alleged to have caused an injury separate from any chilling effect. See Gill v. Pidlypchak, 389 F.3d 379, 383 (2d Cir. 2004) (holding that "chilling" is only required in cases where a plaintiff states no harm independent of the chilling of speech); see also Dorsett v. County of Nassau, 732 F.3d 157, 160 (2d Cir. 2013)("Chilled speech is not the sine qua non of a First Amendment claim. A plaintiff has standing if he can show either that his speech has been adversely affected by the ... retaliation ... or that he has suffered some other concrete harm.").

Defendants argue that Plaintiff has failed to demonstrate the third prong of a First Amendment retaliation claim –that Defendants' actions chilled the exercise of Plaintiffs' First Amendment rights. With respect to the third prong, Plaintiffs are not required to demonstrate the "actual chilling" requirement if they can demonstrate that Defendants' retaliation caused some other form of actual concrete harm. The Complaint is devoid of any facts, let alone sufficient facts, to show that Plaintiffs' speech activities were actually chilled, or any harm resulted from the alleged retaliation. The Complaint actually shows that in the time following the ejection of the C Family from the District, Plaintiffs have continued to speak out

9

on matters they deem important. See Compl. ¶¶ 31, 37-38, 40. Because Plaintiffs have failed to provide sufficient facts to allege that thir speech has been adversely affected or that they have suffered some other concrete harm, the claim must be dismissed. Accordingly, this Court recommends that Plaintiffs' First Amendment retaliation claim be dismissed. "

III.    Leave to Amend

Rather than oppose the instant motion, Plaintiffs seek leave to amend the any non-time barred claims. Defendants oppose the request arguing that that the request should be denied because Plaintiffs have failed to file a cross-motion to amend and have failed to attach a proposed amended complaint to their opposition papers.  Defendants also argue that Plaintiffs' request should be denied as futile.

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend should be freely granted when justice so requires. Fed. R. Civ. P. 15(a). While granting or denying such leave is within the discretion of the district court, Reisner v. General Motors Corp., 511 F. Supp. 1167, 1171 (S.D.N.Y. 1981), leave to amend will generally be granted unless: (1) there is evidence of undue delay, bad faith, dilatory motive, or repeated failures to cure deficiencies by amendments previously allowed; (2) allowing amendment would cause undue prejudice to the opposing party; or (3) the amendment would be futile. Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962). A proposed amendment to a pleading would be futile if it could not withstand a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Ballard v. Parkstone Energy, LLC, 2008 WL 4298572, at *3 (S.D.N.Y. Sept. 19, 2008). Thus, "[l]eave to amend may be denied on grounds of futility if the proposed amendment fails to state a legally cognizable claim or fails to raise triable issues of fact." AEP Energy Servs. Gas Holding Co. v. Bank of America, N.A., 626 F.3d 699, 726 (2d Cir. 2010) (citation omitted).are hers

10

Defendants' motion was The duty to defend an insured is "exceedingly broad", and is broader than the duty to indemnify. <u>Automobile Ins. Co. of Hartford v. Cook</u>, 7 N.Y.2d 131, 136, 818 N.Y.S.2d 176, 179 (2006); <u>David Lerner</u>, 934 F. Supp. 2d at 539. So long as the allegations of a complaint suggest a "reasonable possibility of coverage" the insurer will be required to provide a defense. <u>David Lerner</u>, 934 F. Supp.2d at 539. However, where there is no duty to defend, there is no duty to indemnify. See <u>ABC, Inc. v. Countrywide Ins. Co.</u>, 308 A.D.2d 309, 311. 764 N.Y.S.2d 244, 247 (1st Dep't. 2003).

The Court agrees with Defendants that Plaintiffs have failed to properly file a cross-motion or even attach a proposed amended complaint to their Complaint. However, this Court cannot say that Plaintiffs' proposed amended complaint would be futile. While the Court agrees with Defendants that the current allegations do not sufficiently state a First Amendment retaliation claim, because Plaintiffs have failed to attach a proposed amended complaint to their opposition, this Court cannot say that the amended complaint would likewise suffer from the same defects. Plaintiffs are cautioned that they are only to replead non-time barred claims and that any amendment must show that Plaintiffs : (1) ha[ve] a right protected by the First Amendment; (2) the defendant's actions were motivated or substantially caused by his exercise of that right; and (3) the defendant's actions caused [Plaintiffs] some injury." <u>Dorsett v. County of Nassau</u>, 732 F.3d 157, 160 (2d Cir. 2013) (per curiam) (citing <u>Curley v. Village of Suffern</u>, 268 F.3d 65, 73 (2d Cir. 2001)). Accordingly, this Court recommends allowing Plaintiffs leave to amend the complaint as to only the claims that are not time-barred.

CONCLUSION

For the foregoing reasons, this Court respectfully recommends that Defendants' motion, appearing as Docket Entry No. 11 herein, be granted. This Court further recommends that Plaintiff be granted leave to amend only those claims which are not time-barred.

## OBJECTIONS

A copy of this Report and Recommendation is being provided to all counsel via ECF. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of filing of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals. Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision").

Dated: Central Islip, New York
August 14, 2019

/s/ Anne Y. Shields
Anne Y. Shields
United States Magistrate Judge