UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

JANE MORALES, ERIC MORALES, and
M.M., a minor, by her parents and Natural
Guardians, JANE MORALES AND ERIC
MORALES,

                            Plaintiffs,                      **MEMORANDUM &
ORDER**
CV 18-3897 (GRB)(AYS)

                         -against-

VALLEY STREAM UNION FREE SCHOOL
DISTRICT 24, VALLEY STREAM UNION
FREE SCHOOL DISTRICT 24 BOARD OF
EDUCATION,

                            Defendants.

----------------------------------------------------------------X

**GARY R. BROWN, United States District Judge:**

        Plaintiff Jane Morales ("Plaintiff")[1] brings this action against defendants the Valley Stream Union Free School District 24 ("the District") and the Valley Stream Union Free School District 24 Board of Education ("the Board") (collectively, "Defendants") pursuant to 42 U.S.C. § 1983 alleging that the Defendants violated their First Amendment right to free speech. Before the Court is Defendants' motion to dismiss Plaintiff's amended complaint with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, Defendants' motion is GRANTED and Plaintiff's claims are DISMISSED with prejudice.

---

[1] Plaintiff's husband, Eric Morales, and their daughter, M.M., are also named as plaintiffs in this action. However, this Court dismissed all claims by these parties with prejudice when addressing the original complaint filed in this action. Accordingly, the Court only addresses the claims brought by Mrs. Morales.

I.      **Procedural and Factual Background**

Plaintiff, along with her husband, Eric Morales, and their daughter, M.M., filed the original complaint in this action on July 6, 2018, alleging a single claim for First Amendment retaliation pursuant to 42 U.S.C. § 1983. *See* Compl., Docket Entry ("DE") 1. On August 14, 2019, Magistrate Judge Shields issued a Report and Recommendation recommending dismissal of all of Plaintiff's claims. *See Morales v. Valley Stream Union Free Sch. Dist. 24*, No. CV183897SJFAYS, 2019 WL 5874136, at *1 (E.D.N.Y. Aug. 14, 2019). Specifically, Judge Shields recommended that Mr. Morales' and M.M.'s claims be dismissed with prejudice, and further recommended that Plaintiff's claims be dismissed as time-barred under the three-year statute of limitations applicable here. *Id.* at *3-4 (citing *Patterson v. County of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004)). However, "[b]ecause many of Plaintiffs' claims fail[ed] to include an actual date," Judge Shields examined these claims under Rule 12(b)(6) "out of an abundance of caution," but nevertheless found that the complaint was "devoid of any facts, let alone sufficient facts, to show that Plaintiffs' speech activities were actually chilled, or any harm resulted from the alleged retaliation." *Id.* at *4. However, Judge Shields recommended that the Court grant Plaintiff leave to amend,[2] and specifically cautioned Plaintiff "only to replead non-time barred claims and that any amendment must show that Plaintiff[]: (1) ha[s] a right protected by the First Amendment; (2) the defendant's actions were motivated or substantially caused by his exercise of that right; and (3) the defendant's actions caused [Plaintiff] some injury." *Id.* (quoting *Dorsett v. County of Nassau*, 732 F.3d 157, 160 (2d Cir. 2013) (*per curiam*)). Judge Feuerstein subsequently adopted the Report in full, dismissing Eric Morales' and M.M.'s claims, as well as Plaintiff's claims that

---

[2] This represented a laudably generous step on Judge Shields' part, in light of the fact that, despite wholly declining to oppose Defendants' first motion to dismiss and merely seeking leave to amend, Plaintiff "failed to properly file a cross-motion [to amend] or even attach a proposed amended complaint to their Complaint." *Morales*, 2019 WL 5874136, at *5.

accrued more than three years before the commencement of this action, with prejudice, and granting Plaintiff leave to amend. *See Morales v. Valley Stream Union Free Sch. Dist. 24*, No. 18CV3897SJFAYS, 2019 WL 4253975, at *2 (E.D.N.Y. Sept. 9, 2019). Plaintiff then filed the amended complaint on October 23, 2019, again raising a single claim for First Amendment retaliation. *See* Amended Complaint, DE 22.

The factual background of this case is effectively described in detail by Judge Shields' Report, which is incorporated herein by reference. *See Morales*, 2019 WL 5874136, at *1-2. Accordingly, only a brief summary of the allegations set forth in the amended complaint will be presented here.

As alleged in the amended complaint, Plaintiff and her family began improperly receiving mail addressed to the "C Family" shortly after moving into their present home in July 2012. Amended Complaint, DE 22, ¶¶ 10-11. Critically for the case at hand, Plaintiff received a registration packet from the District addressed to the C Family in August 2013, which apparently indicated that "the C Family had a son who was fraudulently attending the District [schools] in violation of residency requirements." *Id.* ¶¶ 12-13. Plaintiff thereupon took it upon herself to notify the District that the boy should be ejected from the District's schools. *Id.* ¶¶ 14-15. Unfortunately, Plaintiff found this initial effort unavailing; undeterred, however, by the District's apparently lackluster response, Plaintiff campaigned for over a year to rectify the problem. *Id.* ¶¶ 16-24. Finally, following a District residency meeting in November 2014 at which Plaintiff spoke out on the issue, an investigation was launched, and the C Family was ultimately ejected from the District's schools in February 2015. *Id.* ¶ 25. The crux of Plaintiff's claim is that, during and after this campaign, she was allegedly subjected to an "ongoing pattern of retaliation" perpetrated by Defendants and other ostensibly related parties. *Id.* ¶¶ 27-49. Plaintiff sets forth a

number of incidents that comprise this "pattern of retaliation," the lion's share of which, again, are effectively described in Judge Shields' Report. Accordingly, only those incidents described for the first time in the amended complaint are listed here, specifically:

- On November 7, 2017, M.M. won the grand prize in an essay contest but received "no recognition from the Principal, District Office or the Board of Education," despite a fellow classmate being honored publicly for merely winning third prize in a different essay contest. *Id.* ¶ 31.
- Similarly, at some point in time,[3] M.M. won first place in another essay contest, but Plaintiff and her husband were not invited to see the ceremony at which M.M. was given the award, despite parents having been invited to the ceremony in years past. *Id.* ¶ 46.
- On two occasions, Plaintiff submitted checks for school programs (one for an order of "SpiritWear" for M.M.'s 6th grade graduation, and another for a Candy Bar Fundraiser and associated raffle). On both occasions, the checks were not cashed in a timely manner, resulting in (respectively) M.M. not receiving SpiritWear and only having limited participation in the fundraiser and raffle. *Id.* ¶¶ 47-48.
- Finally, Plaintiff and her husband "have not been provided the information" for the online "Parent Portal," and so have been unable to access the Portal, where they would ordinarily be able to view their daughter's progress reports, pay school bills, and schedule parent-teacher conferences. *Id.* ¶ 49.

Plaintiff contends that this conduct was in response to "Plaintiff's initial speaking out against illegal residency." *Id.* ¶ 50.

---

[3] The amended complaint describes this event as occurring in November 2019, but given that the amended complaint was filed in October 2019, this simply cannot be true.

Defendants move, once again, to dismiss. This order follows.

## II. Standard of Review

The pending motion to dismiss is decided under the well-established standard of review of motions made under Rule 12(b)(6), as discussed by way of example in *Burris v. Nassau County District Attorney*, No. 14-CV-5540 (JFB) (GRB), 2017 WL 9485714, at *3-4 (E.D.N.Y. Jan. 12, 2017), *report and recommendation adopted*, 2017 WL 1187709 (E.D.N.Y. Mar. 29, 2017), which discussion is incorporated by reference herein. Under that standard, the Court is required to assume the allegations of the amended complaint to be true for the purposes of the motion. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted).

## III. Discussion

The allegations raised in the amended complaint are substantially the same as those that Judge Shields addressed—and recommended dismissal of—in her Report. Despite Judge Shields' detailed explanation of the shortcomings of the original complaint, and indeed a specific description of how to remedy these issues, Plaintiff has failed to correct the defects present in the first complaint. As an initial matter, Eric Morales' and M.M.'s claims were dismissed with

prejudice, an outcome that is not only conceded by Plaintiff, Opp. Brief, DE 32, at 1, but was not even contested in Plaintiff's response to Defendants' first motion to dismiss, DE 15 at 3. Yet Plaintiff has inexplicably retained these parties as identified plaintiffs in her amended complaint. More significantly, despite Judge Shields recommending dismissal purely on the basis that the claims were time-barred—and only going on to examine the remaining claims, which "fail[ed] to include an actual date," *out of an abundance of caution* (*Morales*, 2019 WL 5874136, at *4)— Plaintiff has retained in the amended complaint the same time-barred allegations that Judge Shields explicitly dismissed, and has failed to add dates to *any* of the undated allegations first raised in the original complaint. As a result, it is impossible for the Court to accurately determine which allegations might be time-barred and which may be properly considered in evaluating Plaintiff's claim. Of critical importance, however, is Plaintiff's continued failure to allege a cognizable injury. This defect is fatal to Plaintiff's claim.[4]

*Injury Under the First Amendment*

"To plead a First Amendment retaliation claim a plaintiff must show: (1) [s]he has a right protected by the First Amendment; (2) the defendant's actions were motivated or substantially caused by h[er] exercise of that right; and (3) the defendant's actions caused h[er] some injury." *Dorsett*, 732 F.3d at 160 (citing *Curley v. Village of Suffern*, 268 F.3d 65, 73 (2d Cir. 2001)). The

---

[4] Defendants raise further arguments as to the second prong set forth in *Dorsett*, i.e., whether the amended complaint sufficiently alleges that the allegedly retaliatory acts were motivated or substantially caused by Plaintiff's protected speech. For example, other than two incidents that occurred in 2014 to early 2015, the only *dated* incidents occurred in the fall of 2016 or later. *See* Amended Complaint, DE 22, ¶¶ 28-30, 32. Furthermore, Plaintiff seems to contend that even the *undated* incidents all occurred in the fall of 2016 or later. *See* Opp. Brief, DE 32, at 9. Yet this would place all but two of the incidents nearly two full years after Plaintiff's last statement on the C Family. *See, e.g.*, *Burkybile v. Bd. of Educ. of Hastings-On-Hudson Union Free Sch. Dist.*, 411 F.3d 306, 314 (2d Cir. 2005) (finding that the passage of more than a year between the protected activity and the allegedly retaliatory conduct "defeat[ed] any showing of causation"). Nevertheless, because Plaintiff's failure to plead a cognizable injury provides a sufficient (and glaring, in light of Judge Shields' Report) ground for dismissal, it is unnecessary to address these arguments in detail.

type of allegations necessary to satisfy the injury element of a First Amendment retaliation claim vary "depending on the factual context." *Zherka v. Amicone*, 634 F.3d 642, 644 (2d Cir. 2011) (quoting *Williams v. Town of Greenburgh*, 535 F.3d 71, 76 (2d Cir.2008)). "[P]rivate citizens claiming retaliation for their criticism of public officials have been required to show that they suffered an 'actual chill' in their speech as a result." *Id.* at 645 (quoting *Gill v. Pidlypchak*, 389 F.3d 379, 381 (2d Cir.2004)). "However, in limited contexts, other forms of harm have been accepted in place of this 'actual chilling' requirement." *Id.* (collecting cases concerning, e.g., "retaliatory revocation of building permit" and "retaliatory failure to enforce zoning laws"). As a result, "[c]hilled speech is not the *sine qua non* of a First Amendment claim. A plaintiff has standing if he can show *either* that his speech has been adversely affected by the government retaliation or that he has suffered some other concrete harm." *Dorsett*, 732 F.3d at 160.

Plaintiff does not appear to contest that the amended complaint fails to establish that her speech was chilled, instead contending that she suffered "some other concrete harm." *See* Opp. Brief, DE 32, at 6. "[A]s a general matter," however, "First Amendment retaliation plaintiffs must typically allege 'actual chilling,'" such that this alternative of "concrete harm" is only sufficient to support a First Amendment claim in "limited contexts." *Zherka*, 634 F.3d at 645. Indeed, "only limited sorts of concrete harms will substitute for chilling effect in retaliation cases and, as a general matter, chilling effect is still required. Such contexts include imposition of several traffic tickets soon after protected speech, officers' pushing and deploying pepper spray after protected speech, or imposition of criminal charges after protected speech. However, they do not extend to allegations that defendants cursed at plaintiff on several occasions and acted aggressively towards him, or that defendants per se defamed defendant, or to generalized allegations of stalking." *Schoolcraft v. City of New York*, 133 F. Supp. 3d 563, 572-73 (S.D.N.Y. 2015) (citations omitted);

*see also Dorsett*, 732 F.3d at 160 (collecting cases); *Zherka*, 634 F.3d at 645 (same). The Second Circuit has held that "[o]nly retaliatory conduct that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights constitutes an adverse action. . . . [I]t would trivialize the First Amendment to hold that harassment for exercising the right of free speech was always actionable no matter how unlikely to deter a person of ordinary firmness from that exercise." *Zelnik v. Fashion Inst. of Tech.*, 464 F.3d 217, 225-26 (2d Cir. 2006) (quotations and citations omitted).

Judge Shields correctly found that the original complaint "was devoid of *any* facts, let alone sufficient facts, to show that Plaintiffs' speech activities were actually chilled, or any harm resulted from the alleged retaliation." *Morales*, 2019 WL 5874136, at *4 (emphasis added). For example, Plaintiff contended in the original complaint (and repeats in the amended complaint) that, among other incidents, she arrived at the school on one occasion to find M.M. "unsupervised on the blacktop"; the District "forced MM to sit for . . . standardized tests" despite her parents opting out of the tests; M.M.'s teacher failed to forward a letter that M.M. wrote to the Superintendent; Defendants have erroneously sent bills to Plaintiff for M.M.'s lunch money balance; and on one occasion the school nurse responded brusquely to M.M.'s complaint of ear pain and apparently falsely asserted that she had taken M.M.'s temperature. *See* Amended Complaint, DE 22, ¶¶ 32, 35, 37-39, 42-43. Even assuming that Defendants (rather than school staff) took some direct role in these incidents, and that such a wide-ranging conspiracy could be so organized, these allegations are hardly sufficient "to state a claim of *constitutional* magnitude." *B.A. on behalf of M.G., Jr. v. City of Schenectady Sch. Dist.*, 209 F. Supp. 3d 515, 525 (N.D.N.Y. 2016). Far from "deter[ring] a similarly situated individual of ordinary firmness from exercising his or her constitutional rights," these incidents amount only to the type of "de minimis" conduct that is insufficient to

support a First Amendment retaliation claim. *Cox v. Warwick Valley Cent. Sch. Dist.*, 654 F.3d 267, 273 (2d Cir. 2011) (quoting *Zelnik*, 464 F.3d at 225).

None of the allegations set forth in the original complaint have been changed in any meaningful way to address this flaw.[5] In fact, the only substantive changes made in the amended complaint are the new allegations set forth above, in paragraphs 31 and 46-49 of the amended complaint. Unfortunately, these new allegations merely offer more of the same. While undoubtedly frustrating for Plaintiff, grievances about her daughter failing to be recognized by the school or checks for logo-bearing athletic wear not being cashed in a timely manner hardly amount to claims of *constitutional* magnitude. Accordingly, Plaintiff has failed to plead a cognizable injury that would support a First Amendment retaliation claim.

*Leave to Amend*

As Judge Shields aptly summarized:

> Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend should be freely granted when justice so requires. Fed. R. Civ. P. 15(a). While granting or denying such leave is within the discretion of the district court, *Reisner v. General Motors Corp.*, 511 F. Supp. 1167, 1171 (S.D.N.Y. 1981), leave to amend will generally be granted unless: (1) there is evidence of undue delay, bad faith, dilatory motive, or repeated failures to cure deficiencies by amendments previously allowed; (2) allowing amendment would cause undue prejudice to the opposing party; or (3) the amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962).

*Morales*, 2019 WL 5874136, at *5. In addressing the motion to dismiss the original complaint, Judge Shields charitably found that, although "the current allegations [did] not sufficiently state a

---

[5] Certain factual allegations raised in the original complaint have been supplemented in the amended complaint with language contending that the incident alleged was perpetrated "in retaliation for" Plaintiff speaking out. *Compare* Amended Complaint, DE 22, ¶¶ 32-33, *with* Compl., DE 1, ¶¶ 32-33; *see also* Amended Complaint, DE 22 ¶ 27 (adding to ¶ 28 of the original complaint that the pattern of retaliation that ensued from Plaintiff's speech "continued from Plaintiff's speech to the present"). It hardly bears noting that such brief, conclusory statements do nothing to change the conclusions set forth in Judge Shields' Report.

First Amendment retaliation claim . . . this Court cannot say that the amended complaint would likewise suffer from the same defects." *Id.* Examined in the light of subsequent filings by the parties, as well as Judge Shields' thorough Report, no such ambiguity applies to the amended complaint.

As indicated above, Judge Shields helpfully directed Plaintiff in explicit terms to both the defects in the original complaint and the means by which she might correct these flaws. Yet Plaintiff failed to apply even the simplest of corrections that might have helped to salvage her complaint, inexplicably retaining dismissed parties, time-barred and undated allegations, and claims of largely trivial injuries. Plaintiff similarly failed to add any allegations that might demonstrate more concrete, cognizable harms. These failures have unfairly impacted the defendants and the Court by, among other things, prolonging this already-protracted matter. The fact that Plaintiff requested, and was subsequently granted, an extension of time to file the amended complaint—giving her even more time to correct these defects—makes these flaws all the more egregious. *See* DE 21. As a result, the Court finds that there is no reason to anticipate that any further amendment would be anything but futile.

### IV.    Conclusion

Plaintiff has failed to change or add anything of substance between the original complaint and her amended complaint. As a result, the Court finds no reason to come to a different conclusion from that of Judge Shields' earlier report, that is, that Plaintiff has failed to plead a cognizable injury. Plaintiff's amended complaint is therefore DISMISSED. Furthermore, because Plaintiff was given explicit instructions on how to remedy the issues in the original complaint, and yet failed to address any of the issues identified, the Court finds no reason to believe that Plaintiff

will be capable of remedying these issues with any further amendments. Accordingly, this dismissal is deemed WITH PREJUDICE. The Clerk of the Court is respectfully directed to enter judgment and close the case.

**SO ORDERED.**

Dated: Central Islip, New York
       March 19, 2021

                                      /s/ Gary R. Brown
                                      GARY R. BROWN
                                      United States District Judge